UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11019-GAO

BOSTON SEMI EQUIPMENT LLC,
Plaintiff,

v.

RED EQUIPMENT PTE LTD, LONE STAR LITHOGRAPHY LLC,
and OBIE ROOKER,
Defendants.

OPINION AND ORDER
January 8, 2015

O'TOOLE, D.J.

This Court granted the defendant Red Equipment's Motion to Dismiss for lack of personal jurisdiction. Nineteen days later the defendant moved for attorneys' fees in the amount of $20,773.50, asserting that Arizona law controls in this case where jurisdiction is based on diversity of citizenship, see Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), and that Arizona Revised Statutes § 12-341.01 authorizes an award of fees to the defendant as the party prevailing in the personal jurisdiction dispute.

Federal Rule of Civil Procedure 54(d) allows for an award of attorneys' fees upon motion "filed no later than 14 days after the entry of judgment." While Arizona civil rules may provide a longer period for filing a motion under A.R.S. § 12-341.01, this Court must follow the Federal Rules. Hanna v. Plumer, 380 U.S. 460 (1965). Accordingly, the defendant's motion is untimely and is denied on that basis alone.

Even if the motion were timely, it appears that under Arizona law, an award of attorneys' fees in a case like this is discretionary, and if I were to reach the question, I would decline to make such an award in this case, where the only issue resolved in the defendant's favor was its right to be sued somewhere else.

For the foregoing reasons, the defendant's Motion for Attorneys' Fees (dkt. no. 34) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge